```
NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
SCOTT D. DUBOIS (Cal. Bar No. 307110)
Assistant United States Attorney
International Narcotics, Money
 Laundering & Racketeering Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-0882
     Facsimile:  (213) 894-0141
     E-mail:     scott.dubois@usdoj.gov


Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. 2:20-MJ-00382 |
|---|---|
| Plaintiff, | [~~PROPOSED~~] ORDER EXTENDING AND/OR EXCLUDING TIME FROM THE SPEEDY TRIAL ACT BASED ON SUSPENSION OF THE GRAND JURY |
| v. | |
| ANDRANIK ARABYAN, | |
| Defendant. | |

Having considered the United States of America's <u>Ex Parte</u> Motion to Extend and/or Exclude Time From the Speedy Trial Act's Indictment and Trial Clocks Based on Suspension of the Grand Jury ("motion"), as well as the Central District of California's General Orders Nos. 20-02, 20-03, and 20-05, as well as Orders of the Chief Judge Nos. 20-042 and 20-043, — and Defendant's Response filed April 17, 2020, and good cause appearing, the Court hereby FINDS AS FOLLOWS: _JPR_

//

//

1

1.  This case was initiated via a complaint and arrest warrant, issued on January 28, 2020, by the Honorable Steve Kim, United States Magistrate Judge. Defendant Andranik Arabyan ("defendant") was arrested on the complaint and first appeared before a judicial officer of this Court on March 27, 2020, at which time the defendant was detained.

2.  The Speedy Trial Act would typically require defendant to be indicted by April 27, 2020. 18 U.S.C. § 3161(b). ~~In addition, because 18 U.S.C. § 3164(c) applies, defendant would be entitled to an automatic review of his detention if trial did not commence by June 25, 2020.~~   JPR

3.  On March 31, 2020, in response to the continuing spread of the COVID-19 pandemic, the Central District of California suspended all grand-jury proceedings until at least May 4, 2020, "pending further order of the Court." C.D. Cal. Order of the Chief Judge No. 20-044, at 3 (Mar. 31, 2020).

4.  On April 13, 2020, in continuing response to the continuing spread of the COVID-19 pandemic, the Central District of California suspended all grand-jury proceedings until at least June 1, 2020, "unless otherwise ordered by the Court." C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings, at 3 ¶ 7 (Apr. 13, 2020).

5.  The last grand-jury session in the Central District of California, prior to this order, was on March 25, 2020.

6.  On March 13, 2020, following the President's declaration of a national emergency, the Court suspended jury selection and jury trials scheduled to begin before April 13, 2020. C.D. Cal. General

Order No. 20-02, In Re: Coronavirus Public Emergency, Order Concerning Jury Trials and Other Proceedings (Mar. 13, 2020). The same day, the Court imposed health- and travel-related limitations on access to Court facilities. C.D. Cal. General Order No. 20-03, In Re: Coronavirus Public Emergency, Order Concerning Access to Court Facilities (Mar. 13, 2020). On March 19, 2020, by Order of the Chief Judge, the Court instituted its Continuity of Operations Plan ("COOP"), closing all Central District of California courthouses to the public (except for hearings on criminal duty matters) and taking other emergency actions. C.D. Cal. Order of the Chief Judge No. 20-042 (Mar. 19, 2020). On March 29 and 31, recognizing COVID-19's continued spread in the community, the Court took further action: implementing video-teleconference and telephonic hearings and--as noted above--suspending all grand-jury proceedings until May 4, 2020. C.D. Cal. Orders of the Chief Judge Nos. 20-043 (Mar. 29, 2020) and 20-044 (Mar, 31, 2020). And, on April 13, 2020, the Court extended the suspension of grand juries until June 1, 2020. C.D. Cal. General Order No. 20-05, In Re: Coronavirus Public Emergency, Further Order Concerning Jury Trials and Other Proceedings (Apr. 13, 2020). These orders were imposed based on both (1) the California governor's declaration of a public-health emergency in response to the spread of COVID-19, as well as (2) the Centers for Disease Control's advice regarding reducing the possibility of exposure to the virus and slowing the spread of the disease. See General Order No. 20-02, at 1.

  7. On March 16, 2020, Los Angeles Mayor Eric Garcetti imposed temporary restrictions to stop large numbers of people from gathering and staying in close proximity, including closing many

1 businesses and restaurants within the city of Los Angeles. The
2 mayor encouraged people to "keep[] a safe distance from one
3 another," to "slow the spread of COVID-19." The same day, all
4 schools in the Los Angeles Unified School District closed.

5     8. For the reasons stated in the government's motion, the
6 Speedy Trial Act's speedy-indictment clock will be extended to 60
7 days if no grand jury in the Central District of California sits
8 before April 27, 2020. 18 U.S.C. § 3161(b).

9     9. Given the grave public-health concerns discussed in
10 General Orders Nos. 20-02, 20-03, and 20-05, and Orders of the Chief
11 Judge Nos. 20-043 and 20-044, as well as the facts set forth in the
12 government's motion (~~which the Court incorporates fully by reference~~ *JPK*
13 ~~here~~), the ends of justice served by a continuance outweigh the best
14 interest of the public and defendant in a speedy indictment and
15 trial. Thus, the period from March 27, 2020, to June 1, 2020, shall
16 be excluded from the Speedy Trial Act for all purposes. 18 U.S.C.
17 § 3161(h)(7)(A).

18     10. Failure to grant the continuance of the Speedy Trial Act
19 deadlines would likely make a continuation of the proceeding
20 impossible or result in a miscarriage of justice. 18 U.S.C.
21 § 3161(h)(7)(B)(i).

22     11. Specifically, delay in the filing of the indictment is
23 caused because the arrest occurred at a time such that it is
24 unreasonable to expect return and filing of the indictment within
25 the period specified in 18 U.S.C. § 3161(b). 18 U.S.C.
26 § 3161(h)(7)(B)(iii).

27     12. Due to the restrictions imposed by current public-health
28 concerns, it is also unreasonable to expect adequate preparation for

pretrial proceedings or for the trial itself within the Speedy Trial Act time limits. Thus, denial of a continuance is likely to deny all counsel reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

13. Failure to continue this case would also likely put parties, witnesses, jurors, counsel, and court personnel at unnecessary risk.

14. The continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorneys for the government or the defense, or failure on the part of the attorneys for the government to obtain available witnesses.

Accordingly, the Court finds that there is good cause for a finding of excludable time pursuant to the Speedy Trial Act, 18 U.S.C. § 3161.

THEREFORE, FOR GOOD CAUSE SHOWN:

1. The Speedy Trial Act's speedy-indictment clock will be extended to 60 days if no grand jury in the Central District of California sits before April 27, 2020. 18 U.S.C. § 3161(b).

2. The period from March 27, 2020, to June 1, 2020, shall be excluded in computing the time in which the indictment must be returned or the trial must commence under the Speedy Trial Act. See 18 U.S.C. § 3161(h)(7)(A).

3. Nothing in this Order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excluded. Moreover, the same provisions and/or other provisions of the Speedy Trial Act may in the future authorize the

exclusion of additional time periods from the period within which trial must commence.

IT IS SO ORDERED.

April 22, 2020
DATE

HONORABLE JEAN P. ROSENBLUTH
UNITED STATES MAGISTRATE JUDGE

Presented by:

/s/
SCOTT D. DUBOIS
Assistant United States Attorney